## In re WAYSIDE FURNITURE CO.

## JOERNS BROS. FURNITURE CO. v. GOETZ.

### No. 4963.

Circuit Court of Appeals, Seventh Circuit.

June 17, 1933.

George A. Gessner, of Milwaukee, Wis., for appellant.

I. E. Goldberg, of Milwaukee, Wis., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

ALSCHULER, Circuit Judge.

·Reclamation was sought of certain furniture on the ground that it came into the hands of the trustee in bankruptcy charged with a trust in favor of appellant (Joerns). The court found for the trustee, and claimant appeals.

One Klein, in the furniture business, was quite heavily indebted. Joerns was a creditor in the amount of $2,000. Klein desired to compromise with his creditors, and to that end Joerns was willing to lend him an additional $5,000 if Klein would secure Joerns for the $7,000 upon his stock of furniture and accounts receivable, and by certain indorsements on the note. The general purport of six agreements entered into between the parties was that Klein would sell those assets to bankrupt (Wayside); Klein would purchase $15,000 of Wayside's capital stock which was owned by J. H. Owens, and give to Joerns his note for $7,000 indorsed by Owens and by W. A. Kuebler, who was president of Wayside; Klein would be employed by Wayside, and as the Klein furniture was sold by Wayside the proceeds therefrom would be deposited in a special account, one-third of it to apply on Klein's note to Joerns and two-thirds on the purchase by Klein of the Owens stock. It was agreed that in case the contract was not carried out, Joerns might demand and should receive all of the then undisposed of Klein furniture and unpaid accounts receivable in the possession of Wayside, and would hold them as security for the balance due on Klein's $7,000 note; but that in this event the liability of Owens and Kuebler as indorsers on that note should cease; and that in the event it should at any time appear to Wayside that the Klein assets which it had acquired would not suffice to discharge the amount of Klein's obligations to Joerns and Owens, Wayside, in its discretion, might divert to Joerns payments which would otherwise go to Owens, until the obligation to Joerns was fully paid.

The negotiations resulting in this arrangement commenced in July, 1931, and lasted until the September following, when the agreements became effective; and during all of which time, and for a considerable time thereafter, Wayside was a solvent going concern.

Up to the date of the bankruptcy, October 22, 1932, Wayside had sold of the Klein furniture $2,424.19, of which the cost price was $1,625.95, and this, with $2,955.09 collected on the accounts receivable, was disbursed under the agreement, appellant receiving $954.05 on its $7,000 note.

At the time of the bankruptcy Wayside had on hand considerable of the Klein furniture, and this is the subject-matter of the controversy. Appellant contends that the indicated arrangement created a trust relation respecting this furniture between bankrupt and appellant, whereunder appellant is entitled to reclaim the Klein furniture for application upon the note.

The very formal and detailed writings between the parties manifesting their understanding indicate quite clearly that Wayside was to purchase the Klein property. In Joerns' written proposal of terms upon which it would advance $5,000 for Klein it is stated: "Whereas, said Elmer W. Klein is also negotiating with Wayside Furniture

Stores, a Wisconsin corporation, *for the sale and transfer to it* of all the assets of Elmer W. Klein, doing business as Klein Furniture Shops." Also: "If, as the result of said negotiations with Wayside Furniture Stores, *it purchases the assets of Elmer W. Klein* * * * then it (Wayside) and W. H. Kuebler and J. H. Owens shall severally endorse said note. In the event of such *purchase,* Wayside * * * shall collect in," etc. Thereupon the proposed plan of disposition of the proceeds of sale of the assets by Wayside are specified.

In the agreement executed at the same time by Klein and Wayside it is stated: "For value received and other good and valuable considerations, I (Klein) do hereby *sell, transfer, assign, set over, and forever relinquish to the Wayside Furniture Company all of my rights, title, and interest in the accounts, merchandise, and effects contained in the appended inventory,* which is identified by my signature and the signature and seal of the Wayside Furniture Company, and I do hereby irrevocably bind myself to warrant and defend the within scheduled accounts, merchandise, and effects against all claims and demands of every name and nature forever." Thereafter follow specifications as to the disposition by Wayside of the proceeds of these assets as between Joerns and Owens and Kuebler.

In the contemporaneous agreement between Wayside and Joerns, for the disposition by Wayside of the assets it thus received from Klein, it is recited that all of the other agreements are attached and are therein referred to.

Joerns thus entered into this arrangement with full knowledge that a sale and transfer of the Klein property to Wayside was definitely contemplated.

Respecting the subsequent conditions whereunder Joerns might reclaim the undisposed of part of the property as security for payment of its note, it is sufficient to say that they did not come into existence prior to the bankruptcy, at which time the title to the undisposed of property was still in Wayside. That upon the happening of certain things Wayside might be ousted of its title, would at most make of this a conditional sale, which would be ineffective as against the creditors of Wayside unless (as was not the case) there were public record of it. Wis. Stats. 1931, § 122.05.

Another possible view would be that through these agreements Joerns obtained, as against Wayside, the equivalent of a chattel mortgage on the property to secure the payment of its note against Klein, upon which note Wayside became and remained liable as an indorser. But as against the creditors of the bankrupt (Wayside) the chattel mortgage would be ineffective through lack of public record thereof. Wis. Stats. 1931, § 241.08.

The fact that this conveyance to Wayside, absolute upon its face, cannot be sustained as a conditional sale, or as a chattel mortgage in favor of Joerns, will not suffice to raise in favor of Joerns a trust relation respecting the furniture in the hands of Wayside at the time of the bankruptcy.

The order of the District Court is affirmed.